IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

STEPHEN M. KESSLER,                                             3:10-cv-747-KI

        Petitioner,                                 OPINION AND ORDER

  v.

JEFF PREMO, Superintendent,

        Respondent.


Stephen M. Kessler
SID #2059426
2605 State Street
Salem, Oregon, 97310

    Petitioner, *Pro Se*

John R. Kroger
Attorney General
Lynn David Larsen
Attorney-In-Charge
Department of Justice
1162 Court Street N.E.
Salem, Oregon, 97301-4096

    Attorneys for Respondent


KING, Judge



1 -- OPINION AND ORDER

Petitioner, an inmate at the Oregon State Penitentiary, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, petitioner's amended petition is DENIED, and this proceeding is DISMISSED, with prejudice.

## BACKGROUND

In November, 1982, petitioner was convicted in federal court on charges of conspiracy to commit bank robbery, bank robbery, distribution of heroin, and receipt of money taken illegally from a bank. On or about December 28, 1982, petitioner was sentenced to a 55-year term of imprisonment. Resp. Exhs. 116 & 117; United States v. Guerrero, et al., 756 F.2d 1342, 1345 (9th Cir. 1984), cert. denied, 469 U.S. 934 (1984).

In the interim, on December 13, 1982, petitioner pled guilty in state court to one count of Attempted Aggravated Murder, one count of Attempted Murder, one count of Assault in the First Degree, one count of Escape in the First Degree, two counts of Kidnapping in the First Degree, and four counts of Kidnapping in the Second Degree. The charges arose out of an incident in which six inmates, including defendant, escaped from Rocky Butte Jail and, during the course of the escape, took four lay ministers and two correctional officials hostage. On December 27, 1982, petitioner was sentenced to 90 years imprisonment, with a 40-year minimum term. Petitioner's direct appeal concluded, unsuccessfully, in 1984. State v. Kessler, 65 Or. App. 380, 382,

671 P.2d 749 (1983) (modifying sentence imposed by the trial court), rev'd, 297 Or. 460, 686 P.2d 345 (1984) (reinstating judgment of the trial court).

Petitioner began service of his federal sentence in 1983, and completed service of his federal sentence on or about June 6, 2007, at which time he was transferred to state custody to begin service of his state sentence. See Amended Petition (#10) at 3; Resp. Exhs. 117 & 119. Upon his transfer to state custody, petitioner allegedly was in "medical quarantine [for] several months," but offers no details as to his access to legal materials during that time. Amended Petition at 4.

On or about June 25, 2008, petitioner filed a petition for state post-conviction relief. Resp. Exh. 105 at 11. The state court denied the petition as untimely. Resp. Exhs. 107 & 108. The Oregon Court of Appeals affirmed without opinion, the Oregon Supreme Court denied review, and the United States Supreme Court denied petitioner's petition for writ of *certiorari*. Kessler v. Belleque, 233 Or. App. 510, 226 P.3d 130 (2010), rev. denied, 348 Or. 291 (2010), cert. denied, 131 S.Ct. 391 (2010).

Additionally, on or about August 14, 2008, petitioner filed a state petition for writ of habeas corpus. Resp. Exh. 112 at 16. The petition was denied on the basis that state habeas corpus is not an appropriate remedy. Resp. Exhs. 113 & 114. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme

3 -- OPINION AND ORDER

Court denied review.  Kessler v. Belleque, 233 Or. App. 227, 224 P.3d 708 (2009), rev. denied, 348 Or. 414 (2010).

## DISCUSSION

### I.  Applicable Law.

The Antiterrorism and Effective Death Penalty Act imposes a one year statute of limitations on habeas corpus petitions filed "by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).  The limitation period runs from the latest of-

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.  State prisoners whose convictions became final prior to the AEDPA's enactment had a one-year grace period, until April 24, 1997, to file their petitions.  Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001).

The statute of limitations is tolled for "[t]he time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (emphasis added). An application or petition is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings, such as rules prescribing the form of the document, *the time limits on its delivery*, the court and office in which it must be lodged, and the filing fee. Pace v. DiGuglielmo, 544 U.S. 408, 413-14 (2005); Artuz v. Bennett, 531 U.S. 4, 8 (2000); Lakey v. Hickman, 633 F.3d 782, 785-86 (9th Cir.), cert. denied, 131 S.Ct. 3039 (2011); White v. Martel, 601 F.3d 882, 883 (9th Cir.), cert. denied, 131 S.Ct. 332 (2010).

The limitation period may be equitably tolled upon a showing that (1) petitioner was pursuing his rights diligently; and (2) some extraordinary circumstances stood in his way and prevented a timely filing. Holland v. Florida, 130 S.Ct. 2549, 2562 (2010); Doe v. Busby, 2011 WL 5027506 *5 (9th Cir. Oct. 24, 2011); Lakey, 633 F.3d at 786. The propriety of equitable tolling is a fact-specific inquiry which requires the petitioner to prove that the extraordinary circumstance was the cause of his late filing. Doe, 2011 WL 5027506 *5; Lakey, 633 F.3d at 786; Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001). If the petitioner did not exercise reasonable diligence under the circumstances in attempting to file

5 -- OPINION AND ORDER

after the extraordinary circumstance began, the causal link between the extraordinary circumstance and the failure to file is broken. See Doe, 2011 WL 5027506 *7; Roy v. Lampert, 465 F.3d 964, 970-73 (9th Cir. 2006).

## II. **Analysis**.

Because petitioner's state convictions became final prior to the effective date of the AEDPA, he had until April 24, 1997, to file his federal habeas corpus petition (absent statutory or equitable tolling). Patterson, 251 F.3d at 1245-46.

With regard to statutory tolling, I agree with respondent that petitioner's state post-conviction proceeding filed in 2008, and dismissed as untimely, did not toll the limitation period because it was not "properly filed." Pace, 544 U.S. at 413-14; Artuz, 531 U.S. at 8. Whether petitioner's state habeas corpus proceeding was "properly filed" is a more difficult question. See Ramirez v. Yates, 571 F.3d 993, 999 (9th Cir. 2009) (concluding that petition for writ of *coram nobis* denied on the merits was properly filed). However, I need not resolve that legal issue because, as set forth below, petitioner's state habeas corpus proceeding was filed *after* the federal limitation period had already expired.

Petitioner contends the limitation period should be equitably tolled during the time he was in federal custody because he was denied access to state legal materials. Petitioner also makes

reference to being in "medical quarantine" for several months after his transfer to state custody.  Petitioner's Reply Brief at 4.

Petitioner offers no evidence that he exercised reasonable diligence, between 1996 (the effective date of the AEDPA) and 2007 (his release from federal custody), to obtain access to the state materials necessary to enable him to timely seek federal habeas relief.  Accordingly, I reject his assertion that equitable tolling is warranted during this 10+ year period.  Moreover, assuming that equitable tolling during petitioner's federal custody is warranted, petitioner offers no basis for any additional tolling after his transfer to state custody on or about June 6, 2007.  Hence, at the very latest, the limitation period was triggered upon his transfer to state custody, and expired one year later on June 6, 2008.  Because petitioner did not file his federal habeas petition until June, 2010, the petition is untimely under 28 U.S.C. § 2244(d)(1).[1]

In so holding, I note that petitioner fails to demonstrate how many months he was in "medical quarantine" or how that prevented him from timely seeking federal habeas relief.  In any event, because the record demonstrates that petitioner was able to file

---

[1] In so holding, I note that petitioner filed a federal habeas corpus proceeding on or about August 18, 2009.  The Honorable Ann Aiken dismissed the petition for lack of exhaustion, and declined to hold the petition in abeyance pending resolution of petitioner's state court proceedings.  Kessler v. Belleque, 6:09-cv-990-AA, Order (#6).  Even if that action had been stayed, it ultimately would have been subject to dismissal as untimely for the same reasons set forth above.

7 -- OPINION AND ORDER

multiple state proceedings in June and August, 2008, there is no reasonable basis for concluding that his state custody rendered him unable to file a federal habeas petition during that same time period. See Ramirez, 571 F.3d at 998. Moreover, petitioner offers no specific facts to support a conclusion that he acted diligently in seeking federal habeas relief upon his return to state custody in 2007. For all of these reasons, I conclude that equitable tolling is not warranted, and petitioner's habeas corpus petition is untimely. Petitioner's contention that there is no time limitation in which to seek federal habeas relief as to a "void" state court judgment lacks any legal support.

## CONCLUSION

Based on the foregoing, petitioner's amended habeas corpus petition (#10) is DENIED as untimely, and this proceeding is DISMISSED, with prejudice. Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this   9th   day of November, 2011.

                                         /s/ Garr M. King
                                         Garr M. King
                                         United States District Judge